UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JEANETTE DAWSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:18-cv-11164-IT |
| | * | |
| TARGET CORPORATION, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

May 26, 2020

TALWANI, D.J.

Plaintiff Jeanette Dawson brought suit against Defendant Target Corporation alleging that she fell and suffered injuries as a result of a broken latch on the handicap bathroom stall door in Defendant's store.

Pending before the court is Defendant's Motion in Limine to Exclude the Introduction into Evidence of Photographs Taken by Plaintiff and/or Her Agents at Trial [#46] ("Def's Mot. in Limine"). Defendant seeks to exclude from evidence five photographs produced by Plaintiff purporting to show the bathroom stall and latch in question on the grounds that the photographs cannot be authenticated or reliably identified and that admission at trial would confuse the jury and unduly prejudice Defendant. For the following reasons, Defendant's Motion in Limine is GRANTED.

I. Background

Plaintiff alleges that on October 16, 2016, a broken latch caused her to fall in the handicap bathroom stall of the women's restroom in the Target store located at 550 Arsenal Street, Watertown, Massachusetts. Compl. ¶ 10 [#1-1] She further alleges that, as a result, she

suffered serious injuries. Id. ¶ 14.

During discovery, Plaintiff produced five photographs that show: (1) the door to a restroom; (2) close up of a latch on the outside of a bathroom stall door; (3) the outside of a bathroom stall door; (4) the inside of a bathroom stall door; and (5) close up of a latch on the inside of a bathroom stall door. Def's Ex. B – Photographs (Nos. 1-5) [#46-2].

II.   Analysis

Defendant argues the photographs should be excluded because they cannot be authenticated and the contents of the photographs therefore cannot be reliably determined to fairly and accurately depict what Plaintiff claims the photographs to show. Def's Mot. in Limine 2-4 [#46]. Alternatively, Defendant asks the court to exclude the photographs because their probative value is outweighed by danger the photographs will confuse the jury and prejudice the Defendant. Id. at 5-7. In support, Defendant offers deposition testimony where Plaintiff was unable to identify who took the photographs and Plaintiff's counsel's statement that the photographs were likely taken on January 12, 2017, approximately three months after the incident, based on digital timestamps. Id. at 2; Def's Ex. D – Day 2 of Dep. of Plaintiff 42:8-45:16 [#46-4].

Plaintiff argues that the photographs are relevant both to her testimony about the fall and her expert's testimony as to an alleged violation of the Americans with Disabilities Act. Pl's Opp'n to Mot. in Limine 3-4 [#48]. Plaintiff does not dispute that the origin of the photographs is unknown or that the photographs were likely taken on January 12, 2017. However, she contends the photographs should not be excluded because she can testify that the pictures "accurately reflect the condition of the broken latch on the day of her fall." Id. at 3.

"To satisfy the requirement of authenticating or identifying an item of evidence, the

proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "Testimony that an item is what it is claimed to be" satisfies this requirement. Fed R. Evid. 901(b). There is "broad discretion in the admission of" photographic evidence. Renzi v. Paredes, 452 Mass. 38, 52 (2008). In weighing admissibility, the court must "determine whether the image fairly and accurately presents what it purports to be, whether it is relevant, and whether its probative value outweighs any prejudice to the other party." Id. While the conditions when a photograph was taken need not be identical to conditions at the time of the incident, the "photograph must be shown to be accurate and bear enough similarity to circumstances at the time in dispute to be relevant and helpful to the jury in its deliberations." Henderson v. D'Annolfo, 15 Mass. App. Ct. 413, 428-29 (1983).

To the extent that Plaintiff seeks to present the photographs as a true and accurate representation of the particular bathroom stall and latch on the actual date of her fall, Plaintiff has failed to meet her burden under Fed. R. Evid. 901(a). While Plaintiff is correct that authentication can be achieved by sufficient testimony, including from someone other than the photographer, Pl's Opp'n to Mot. in Limine 3 [#48] (citing Commonwealth v. Leneski, 66 Mass. App. Ct. 291, 294-96 (2006) and Commonwealth v. Weichell, 390 Mass. 62, 77 (1983)), Plaintiff has not offered any testimony that the photographs are in fact photographs of the bathroom stall and latch from that date. Nor can she offer such testimony where she concedes that the photographs were likely taken in January 2017, almost three months after the incident.

Plaintiff may be able to authenticate the photographs as representations of the bathroom stall and latch on a later date, and she apparently seeks to do so, and then offer testimony that the latch and stall looked the same on the date of the incident. Fed. R. Evid. 403 limits evidence, however, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Insofar as Plaintiff seeks to enter the photographs to help prove the condition of the stall and latch on the day of her fall three months earlier, the risk of jury confusion and unfair prejudice to the Defendant substantially outweighs the probative value of the photographs. While a visual representation of the stall and latch may help clarify Plaintiff's expected testimony and Plaintiff's expert's testimony, there is substantial risk that a jury would erroneously conclude the photographs actually depict the particular bathroom stall in question as it appeared on October 16, 2016, even if instructed otherwise. To prevent confusion to the jury and the attendant prejudice to Defendant, the photographs from three months after the event must be excluded. Upon request, the court will consider permitting Plaintiff to present a chalk or graphic illustrating to the jury what Plaintiff contends the stall and latch looked like when she fell.

Accordingly, Defendant's Motion in Limine to Exclude the Introduction into Evidence of Photographs Taken by Plaintiff and/or Her Agents at Trial [#46] is GRANTED.

IT IS SO ORDERED.

May 26, 2020                                              /s/ Indira Talwani
                                                         United States District Judge